UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. JANE MONTES, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Case No. 12-cv-02892 |
| CICERO PUBLIC SCHOOL DISTRICT 99, a municipal corporation, DONNA ADAMIC, and MICHAEL DZIALLO, | ) Hon. Joan B. Gottschall ) ) Magistrate Judge Mary M. Rowland |
|       Defendants. | ) ) Jury Trial Demanded |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO EXTEND THE MAY 17, 2013 DEADLINE TO COMPLETE MAJOR DEPOSITIONS**

Plaintiff, Dr. Jane Montes ("Plaintiff"), by her attorneys, Peter M. Katsaros ("Mr. Katsaros") and Ashley L. Orler ("Ms. Orler") of Golan & Christie LLP, moves this Court pursuant to Rule 37(a) to enter an order compelling Defendants Cicero Public School District 99 ("District 99"), Donna Adamic, and Michael Dziallo (collectively, "Defendants") to produce documents and to extend the May 17, 2013 deadline to complete major depositions. In support thereof, Plaintiff states as follows:

1. On September 14, 2012, Plaintiff issued First Requests for Production of Documents and First Set of Interrogatories to District 99 ("Plaintiff's First Set of Discovery").

2. On or around October 31, 2012, District 99 provided responses and produced documents in response to Plaintiff's First Set of Discovery.

3. On November 14, 2012, the Honorable Joan B. Gottschall entered an Order referring this case to a magistrate judgment for discovery supervision and settlement conference.

(Dkt. # 35.) On November 16, 2012, this case was referred to Magistrate Judge Mary M. Rowland. (Dkt. # 36.)

4. On November 26, 2012, Mr. Katsaros sent a Rule 37.2 discovery conciliation letter to counsel for District 99, identifying gaps in District 99's production of documents and discovery responses to Plaintiff's First Set of Discovery. A copy of the November 26, 2012 letter is attached as Exhibit A.

5. The November 26, 2012 letter states, "Electronic discovery is almost totally absent from the Defendants' document production. We are willing to propose search terms to you to pursue this document production further." (Ex. A at 2.)

6. Between November 26, 2012 and January 31, 2013, the parties postponed further fact discovery in an attempt to settle the case.

7. On January 31, 2013, the parties participated in a settlement conference before Judge Rowland, but were not able to reach a resolution of Plaintiff's claims during the settlement conference.

8. After the settlement conference, Judge Rowland entered an Order on January 31, 2013, directing the parties to "conduct the major depositions in the case by May 17, 2013," and setting a status for May 16, 2013 "to set a date for the close of all fact and expert discovery and to set the matter for further settlement conference, if appropriate." A copy of the January 31, 2013 Order is attached as Exhibit B.

9. Plaintiff identifies herself, Defendants Donna Adamic ("Adamic") and Michael Dziallo ("Dziallo"), and key witness Karen Mulattieri ("Mulattieri") as the witnesses whose depositions are "major" to the instant case.

2

10. On February 22, 2013, counsel for Plaintiff and Defendants conducted a Rule 37.2 telephone conference. The agreements reached by the parties' counsel during the telephone conference were memorialized in a February 25, 2013 letter written by Ms. Orler to Defendants' counsel. A copy of the February 25, 2013 letter is attached as Exhibit C.

11. The February 25, 2013 letter states, "[Defendants' counsel] indicated that Defendants are in possession of thousands of pages of electronic records. To assist in the efficient production of relevant electronic records, I agreed to provide search terms to you by March 1, 2013." (Ex. C at 1.)

12. On April 2, 2013, after reviewing documents previously produced by Defendants in this case and meeting with Plaintiff to obtain more information related to electronic records, counsel for Plaintiff provided proposed search terms to Defendants' counsel. A copy of the April 2, 2013 letter containing the proposed search terms is attached as Exhibit D.

13. The April 2, 2013 letter requests that Defendants produce electronic records on or before April 16, 2013. (Ex. D at 5.)

14. Defendants did not produce electronic records by April 16, 2013. On April 17, 2013, Ms. Orler spoke with Defendants' counsel on the telephone regarding the status of the production of electronic records. During the telephone call, the parties agreed to conduct a Rule 37.2 discovery conciliation telephone conference on April 22, 2013.

15. On April 22, 2013, counsel for the parties conducted a Rule 37.2 telephone conference regarding the status of production of electronic records. The April 22, 2013 telephone conference was memorialized in an April 24, 2013 letter written by Ms. Orler to Defendants' counsel. A copy of the April 24, 2013 letter is attached as Exhibit E.

3

16. On April 22, 2013, Defendants indicated that some of the proposed search terms resulted in the identification of voluminous electronic records. In response, Plaintiff identified certain categories of electronic records that are believed to be narrowly-tailored and requested that a search of these records be conducted first. Further, Plaintiff narrowed its list of proposed search terms for other categories of electronic records, and provided that revised list in the April 24, 2013 letter to Defendants. (Ex. E at 1-3.)

17. During the April 22, 2013 telephone conference, Defendants also agreed to supplement their Supplemental Rule 26(a) Disclosures, provide verifications and affidavits of completeness as to their discovery responses, and follow-up on seven identified issues with Defendants' responses to Plaintiff's discovery requests to Defendants. (Ex. E at 3-5.)

18. To date, Defendants have not produced electronic records in response to the proposed search terms, supplemented their Supplemental Rule 26(a) Disclosures, provided verifications and affidavits of completeness as to their discovery responses, or followed-up on the seven identified issues with Defendants' responses to Plaintiff's discovery requests.

19. During the April 22, 2013 telephone conference, Plaintiff's counsel specifically mentioned the May 17, 2013 court-ordered deadline to complete major depositions in this case, and in light of this deadline, requested the production of electronic records and supplemental responses as soon as possible so that Plaintiff could review such documents before taking the depositions of Adamic, Dziallo, and Mulattieri. (Ex. E at 3.)

20. Additionally, during the April 22, 2013 telephone conference, Plaintiff's counsel proposed scheduling Plaintiff's deposition for May 6, 2013 or May 8, 2013. Defendants' counsel responded that it was premature to schedule Plaintiff's deposition as Defendants first

4

wanted Plaintiff to provide responses to Defendants' discovery requests, which were served on March 22, 2013. (Ex. E at 3.)

21. Plaintiff will be prejudiced if forced to take the depositions of Adamic, Dziallo, and Mulattieri before receiving and reviewing Defendants' electronic records and supplemental discovery responses.

22. Plaintiff respectfully requests that the Court compel Defendants to produce electronic records and provide supplemental discovery responses on or before May 10, 2013.

23. In order to provide Plaintiff with sufficient time to review Defendants' electronic records and supplemental discovery responses before taking the depositions of Adamic, Dziallo, and Mulattieri, Plaintiff respectfully requests that the May 17, 2013 deadline to complete major depositions in this case be extended to July 15, 2013.

WHEREFORE, Plaintiff, Dr. Jane Montes, respectfully requests that this Honorable Court enter an Order:

(a) Ordering Defendants to produce electronic records to Plaintiff on or before May 10, 2013;

(b) Ordering Defendants to supplement their Supplemental Rule 26(a) Disclosures on or before May 10, 2013;

(c) Ordering Defendants to provide verifications and affidavits of completeness as to their discovery responses on or before May 10, 2013;

(d) Ordering Defendants to respond in writing to seven issues identified in the April 24, 2013 letter on or before May 10, 2013;

(e) Extending the May 17, 2013 deadline to complete major depositions in this case to July 15, 2013; and

(f) Granting such other and further relief as deemed appropriate under the circumstances.

Dated: May 1, 2013                        DR. JANE MONTES,
Plaintiff,

By: /s/ Ashley L. Orler
         One of Her Attorneys

Peter M. Katsaros, Esq. (#3122661)
Ashley L. Orler, Esq. (#6297339)
GOLAN & CHRISTIE LLP
70 W. Madison Street, Suite 1500
Chicago, Illinois 60602
(312) 263-2300