# **EXHIBIT A**



Writer's Direct Dial (312) 696-2040

GOLAN & CHRISTIE LLP
70 WEST MADISON STREET
SUITE 1500
CHICAGO, ILLINOIS 60602-4206
PHONE (312) 263-2300
FAX (312) 263-0939
GOLANCHRISTIE.COM

Peter M. Katsaros
pmkatsaros@golanchristie.com
www.golanchristie.com

November 26, 2012

**VIA EMAIL AND REGULAR MAIL**

Mr. K. Austin Zimmer
Mr. Eric T. Stach
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, IL 60402

      *Re:*    *Dr. Jane Montes v. Cicero Public School District 99, et al.*

Dear Messrs. Zimmer & Stach:

      I am writing you pursuant to Local Rule 37.2 to request a discovery conciliation conference with you regarding the following gaps in the Defendants' recent production of documents.

      Our preliminary analysis of the documents that the Defendants produced on or about November 1, 2012 has shown that the following documents are missing from that production:

      1.    Mr. Dziallo's performance evaluations for the years 2008 through 2011; documents showing his qualifications to be an Assistant Superintendent and to supervise the ELL program; his employment contract with the District showing his responsibility for supervising the ELL program directed by Karen Mulatierri and Dr. Montes; and all documents relating to the District's decision not to renew Mr. Dziallo's employment contract for the 2012-2013 school year.

      2.    All documents showing the training given Plaintiff and her replacement, Ilyse Leland, for the job as Director of the ELL program for the District and as Grant Director for the Consolidated Grant Application to the State of Illinois and the federal government for ELL grant monies;

      3.    Dr. Donna Adamic's evaluations for the years 2008-2012;

      4.    All documents relating to Karen Mulatierri's resignation from the District in January 2011, including but not limited to her resignation letter and email communications in 2010 and 2011 relating to the ELL program performance and administration and Dr. Montes' job performance;

{00145128.DOC / 2}



Mr. K. Austin Zimmer
Mr. Eric T. Stach
November 26, 2012
Page 2

5. Electronic discovery is almost totally absent from the Defendants' document production. We are willing to propose search terms to you to pursue this document production further;

6. All documents regarding Ilyse Leland's qualifications and work experience as a teacher and as the ELL director in the District. We have no information regarding her prior employment with the District, her references for the job as the ELL director and documents relating to the decision to hire her as the ELL director for 2011-2012. We also request that you identify who completed the 2012 evaluation of Ilyse Leland. The copy of the evaluation provided to us is unsigned;

7. We have not received a copy of the District's response to or any documents related to the District's investigation of the EEOC Charge filed by Dr. Montes;

8. We have not received all copies of the "goals sheets" given Plaintiff by any supervisor in the 2010-2011 academic year;

9. The District's full response to the 2011 Audit of its Combined Illinois/Federal ELL Grant from the Illinois State Board of Education. The audit called into question approximately $225,000 in expenditures; and

10. The insurance documents referenced in Defendants' Rule 26(a)(1)(A) Disclosures, including an educator's legal liability policy (ELL 76 01 01 11) issued by WRM America Indemnity.

For your information, we expect to be issuing document requests to Defendants Adamic and Dziallo in the next week requesting the following documents:

1. All documents relating to Mr. Dziallo's doctoral dissertation, including but not limited to the thesis, all drafts of the thesis, all research materials and all working notes for the dissertation;

2. All documents relating to the net worth of the individual Defendants from the present to the date of the trial;

3. All documents relating to Mr. Dziallo's application materials and submissions to the school district in Westchester, Illinois, for which he now works;

4. All documents relating to Mr. Dziallo's and Ms. Adamic's membership in any ethnic, cultural, or social organizations; and



Mr. K. Austin Zimmer
Mr. Eric T. Stach
November 26, 2012
Page 3

    5.    All insurance policies and/or District indemnification policies that may satisfy all or part of a possible judgment in the action against Mr. Dziallo and Ms. Adamic or to indemnify or reimburse Mr. Dziallo and Ms. Adamic for payments made to satisfy the judgment.

    Please call me so that we can set up a date in the near future for a telephone conciliation on the issues raised in this letter.

    Very truly yours,

    GOLAN & CHRISTIE LLP

    Peter M. Katsaros

PMK:jlg
cc:    Dr. Jane Montes
        Ashley Orler

{00145128.DOC / 2}