# EXHIBIT E



GOLAN & CHRISTIE LLP
70 WEST MADISON STREET
SUITE 1500
CHICAGO, ILLINOIS 60602-4206
PHONE (312) 263-2300
FAX (312) 263-0939
GOLANCHRISTIE.COM

Writer's Direct Dial (312) 696-2032

Ashley L. Orler, Esq.
alorler@golanchristie.com

April 24, 2013

<u>*VIA EMAIL and U.S. MAIL*</u>

Mr. Eric T. Stach
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, IL 60402
stach@dlglawgroup.com

> Re:   *Dr. Jane Montes v. Cicero Public School District 99, et al.*

Dear Eric:

I write to memorialize our April 22, 2013 Rule 37.2 telephone conference. If you believe this letter contains any inaccuracies, please let us know immediately.

### A.   *Electronic Records*

On April 2, 2013, we submitted to you a list of search terms to assist Defendants in their production of electronic records relevant to this case. You indicated during our telephone conference that some of the proposed search terms resulted in the identification of voluminous electronic records. We responded by requesting that the search and production of documents identified in numbers 5, 6, 7, 8, and 10 in the April 2, 2013 correspondence, which we believe are narrowly tailored, be conducted first. You agreed to check on and provide us with a date by which you will be able to produce documents responsive to numbers 5, 6, 7, 8, and 10.

Additionally, we agreed to review numbers 1, 2, 3, 4, and 9 in the April 2, 2013 correspondence to narrow the scope of the proposed search terms. We agree to limit numbers 1, 2, 3, 4, and 9 as indicated below. Unless otherwise indicated, the search of Defendants' electronic records should cover the time period of July 1, 2008 through the present. To the extent that these search terms produce voluminous electronic records, please contact me with the details of the results so that we may discuss further narrowing the field.

1) All electronic communications sent to and received by Karen Mulattieri from January 1, 2010 through January 13, 2011 that contain any of the following terms:

    a) REACH;

 GOLAN CHRISTIE

Mr. Eric T. Stach
April 24, 2013

b) Jane Montes;
c) Title III;
d) performance goals;
e) goals sheet;
f) resign;
g) resignation;
h) Grant Director;
i) Director of ELL;
j) supervision of ELL program;
k) supervision of ESL program; and
l) Jane Montes' work performance.

2) All electronic communications sent to and received by Donna Adamic that contain any of the following terms:

a) REACH;
b) Jane Montes;
c) Title III;
d) performance goals;
e) goals sheet;
f) resign;
g) resignation;
h) Grant Director;
i) Director of ELL;
j) supervision of ELL program;
k) supervision of ESL program;
l) Jane Montes' work performance; and
m) Karen Mulattieri.

3) All electronic communications sent to and received by Mike Dziallo that contain any of the following terms:

Same as a) through m) in number 2, above.

4) All electronic communications sent to and received by Jane Montes that contain any of the following terms:

Same as a) through m) in number 2, above.

9) All electronic communications regarding, sent to or received by Ilyse Leland that contain any of the following terms:

a) qualification;
b) credentials;
c) experience;


GOLAN &CHRISTIE

Mr. Eric T. Stach
April 24, 2013

     d)  training;
     e)  performance goals:
     f)  evaluation;
     g)  rating;
     h)  review;
     i)  data;
     j)  REACH;
     k)  Karen Mulattieri; and
     l)  Jane Montes.

**B.**    *Depositions*

As we discussed during the telephone conference, on January 31, 2013, the Court ordered the Parties to conduct major depositions in this case by May 17, 2013. We informed you that before we take the depositions of Donna Adamic, Mike Dziallo, and Karen Mulattieri, we need to review produced electronic records.

Also, we proposed that Plaintiff's deposition be taken on May 6, 2013 or May 8, 2013. You responded that Defendants need to review Plaintiff's discovery responses before taking Plaintiff's deposition, and that because Plaintiff has not produced her discovery responses, it is premature to schedule her deposition. As you are aware, Plaintiff was served with Defendants' discovery requests on March 22, 2013. Plaintiff will make every effort to provide you with responses to Defendants' discovery requests by this Friday, April 26, 2013.

**C.**    *Supplemental Discovery*

On March 29, 2013, you submitted Defendants' First Supplement to Voluntary Rule 26(a)(1)(A) Disclosures ("Supplemental Disclosures"), identifying twenty-four (24) "District employees, former employees (as noted), and an individual who interviewed may have information related to Plaintiff's claims and Defendants' defenses in this matter." As discussed during the telephone conference, we believe the Supplemental Disclosures do not comply with Rule 26(a)(1)(A) as they fail to identify the subjects of information each person is likely to possess. You agreed to supplement the Supplemental Disclosures with this information.

We further requested a verification as to the completeness and accuracy of discovery responses provided in your March 18, 2013 correspondence. You agreed to provide this. Upon further review of Defendants' responses to Plaintiff's discovery requests, each response fails to contain an affidavit of completeness or verification. Please provide such applicable affidavit or verification.

With respect to Defendants Mike Dziallo and Donna Adamic's ("Individual Defendants") responses to Plaintiff's First Requests for Production of Documents, we discussed the following requests during our telephone conference:


GOLAN CHRISTIE

Mr. Eric T. Stach
April 24, 2013

**Request Number 1:** All documents reflecting the net worth of Dziallo/Adamic from May 15, 2012 through the date of trial of this case.

Individual Defendants each objected to this request on the basis that it is "overly intrusive into [their] personal finances. . . ." During the telephone conference, we reiterated the relevance of this information, and you agreed to discuss this objection with your colleague to determine whether Defendants maintain their objections to producing responsive documents.

**Request Number 2:** Any and all documents related to or referencing Dziallo's/Adamic's membership in any ethnic, cultural or social organizations.

Individual Defendants responded that an appropriate time may be scheduled at mutual convenience in order for Plaintiff to review responsive documents. During our telephone conference, we requested to review the responsive documents. Please let us know if you are available on [dates] for Plaintiff's counsel to review the responsive documents at your office.

**Request Number 5** (directed to Mr. Dziallo only): All documents relating to Dziallo's doctoral dissertation, including but not limited to the dissertation, all drafts of the dissertation, all research materials, data and statistics, and all working notes for the dissertation.

Mr. Dziallo objected to this request on the basis of relevance. During the telephone conference, we reiterated the relevance of this information. You responded that you would discuss the production of such documents with Mr. Dziallo and respond to us shortly as to whether Mr. Dziallo maintains his objection to producing responsive documents.

Lastly, we discussed the following requests within Plaintiff's First Request for Production of Documents to District 99:

**Request No. 15:** Any and all documents related to the decision to not offer contracts of employment to Defendant's employees and former employees who worked within the department of English Language Learning or the department of Language Minorities Services for the 2008-2009, 2009-2010, 2010-2011, or 2011-2012 academic years.

District 99 objected to this request, stating it would be unduly burdensome to respond as the request pertains to approximately seven (7) instances. During the telephone conference, we responded that we do not believe seven instances are unduly burdensome and requested the production of such documents. You responded that you would review the documents and respond to us shortly as to whether District 99 maintains its objection to producing responsive documents.



GOLAN CHRISTIE

Mr. Eric T. Stach
April 24, 2013

**Request No. 17**:  Any and all documents related to the decision to offer contracts of employment to Defendants employees and former employees who held the title of "Director" for the 2008-2009, 2009-2010, 2010-2011, or 2011-2012 academic years.

District 99 objected to this request, stating it would be unduly burdensome to respond as the request pertains to approximately forty-seven (47) instances.  During our telephone conference, you agreed to provide a list of the forty-seven (47) Directors so that we can determine whether we can narrow the scope of Request No. 17.

Given the May 17, 2013 court-ordered deadline to conduct major depositions in this case, we appreciate your prompt attention to the matters outlined in this correspondence.  Please do not hesitate to contact me or my colleague Peter Katsaros with any questions.

Very truly yours,

GOLAN & CHRISTIE LLP

Ashley L. Orler

cc:    Peter M. Katsaros, Esq.